IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELISHA SCHARTIGER,

       Plaintiff,

v.                                        Civil Action No. 5:13CV71
                                                  (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

       I.  Procedural History

The plaintiff, Elisha Schartiger, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI"). In the application, the plaintiff alleged disability since October 15, 2007 because of back problems, rheumatoid arthritis, depression, diabetes, high blood pressure, tendinitis, lumbar sprain, and obesity.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was not represented by counsel. The plaintiff's benefits were again denied. Thereafter, the plaintiff appealed to the Appeals Council, however, she filed a second DIB claim in 2010 before the Appeals Council had made a

decision on the initial denial.  The Appeals Council remanded the case to the ALJ for a second hearing.

The plaintiff, represented by counsel, testified on her own behalf, as did a vocational expert.  The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act but instead found that the plaintiff had a Residual Functional Capacity ("RFC") to perform sedentary work except she can perform reaching, handling, and fingering.  Further, the ALJ found that the plaintiff's depressive symptoms were not severe, although the ALJ had found that the plaintiff's mental impairments were severe at the first hearing.  Finally, the ALJ found that the plaintiff could perform her previous work as telemarketer or, in the alternative, that the plaintiff is capable of making an adjustment to work that exits in significant numbers in the national economy.  The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court.  The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment.  After consideration of those motions, the magistrate judge entered a report and recommendation recommending that the defendant's motion for summary judgment be

granted, that the plaintiff's motion for summary judgment be denied, and that the ruling of the Commissioner be affirmed. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. The plaintiff did not file objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

The plaintiff points to three points of error that she believes warrant overturning the ALJ's decision, and the defendant has responded to each in turn. First, the plaintiff asserts that the ALJ erroneously determined that the plaintiff's mental impairment was not severe. The plaintiff argues that the ALJ

failed to consider a consultative report that diagnosed the plaintiff with borderline intellectual functioning and also failed to consider the combination fo the plaintiff's mental impairments. In response to this allegation of error, the defendant contends that a combination of impairments can still be considered nonsevere if it does not significantly limit a claimant's physical or mental abilities to do basic work activities, as in this case. Further, the defendant asserts that there is substantial evidence that supports the ALJ's finding that the plaintiff did not have a severe mental impairment even when a combination of impairments was considered. The defendant argues that the ALJ considered the whole record, including the consultative report, and that contrary to the plaintiff's assertions, the record supported a finding that the plaintiff had not presented valid evidence demonstrating that her alleged mental impairments affected her ability to perform basic work activities.

Next, the plaintiff argues that the ALJ erroneously assessed the plaintiff's residual functional capacity ("RFC"). The plaintiff contends that the ALJ failed to consider the plaintiff's need for a handheld assistive device and the plaintiff's diagnosis of carpal tunnel syndrome and sero-negative arthritis upon her ability to handle and finger objects. Additionally, the plaintiff asserts that the ALJ incorrectly evaluated the report of the consultative examiner, Dr. Monderewicz, that the plaintiff had a

4

limited ability to sit and stand for prolonged periods and was limited in her ability to walk, bend, squat, kneel, crawl, lift, and carry. Finally, the plaintiff contends that the ALJ failed to properly evaluate the opinions of her treating physician and instead wholly dismissed the physician's opinions without reason.

On the other hand, the defendant argues in response that the ALJ was not required to include the plaintiff's need for a handheld device because the ALJ correctly found that the plaintiff's allegation that she had frequent falls was not supported by the record as a whole. The defendant contends that the ALJ correctly noted that x-rays taken when the plaintiff alleged injuries did not show the complained of injuries, the plaintiff asserted that she was exercising daily, and that the state agency physicians recommended a light level of exertion RFC. Second, the defendant contends that contrary to the plaintiff's assertion, the ALJ did consider both Dr. Monderewicz's and the treating physician's reports but given the rest of the record gave the reports little weight.

Finally, the plaintiff claims that the ALJ erroneously determined that the plaintiff was capable of performing her past relevant work as a telemarketer because it does not qualify as "past relevant work" under 20 C.F.R. § 404.1565(a) (2013). The plaintiff asserts that because the record reflects that the plaintiff only worked as a telemarketer for a very short period of

5

time, there was not substantial evidence to support the ALJ's finding.  In rebuttal, the defendant responded that even if the plaintiff's telemarketer job was incorrectly considered, the ALJ correctly found that the plaintiff's RFC was such that she could perform semi-skilled sedentary work and that there was other alternative work available in the national economy.

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).  Magistrate Judge Seibert issued a report and recommendation, in which he held that substantial evidence exists to support the ALJ's conclusions.

The magistrate judge reviewed the ALJ's discussion by addressing each of the plaintiff's three assignments of error.  The magistrate judge first found that the ALJ's finding that the plaintiff's mental impairments were not severe was supported by substantial evidence.  The magistrate judge made this finding based

6

on the ALJ's consideration of (1) the different evidence provided in the record between the first hearing and second hearing showing a "significantly greater mental capacity;" (2) the treating psychologist's consultative report which stated that the plaintiff's mental impairments were mildly severe; (3) the evidence on the record of the plaintiff's mental capacity which did not support the treating psychologist's findings; and (4) the plaintiff's alleged mental impairments. Further, the magistrate judge found that the ALJ correctly considered these elements in crafting the RFC and in determining that the state psychological findings were consistent with the record whereas the treating psychologist's report should be rejected.

Next, the magistrate judge found that the ALJ did not err in assessing the plaintiff's RFC. First, the magistrate judge noted that the ALJ considered the plaintiff's multiple hand impairments and her need for a handheld assistive device. However, the ALJ found that the alleged impairments were not supported by the evidence and used four pages of evidence from the medical records to support that conclusion: (1) the plaintiff stated that she suffered from falls and could not exercise but three months later told a doctor that she was back at the gym, babysitting, and getting a newborn in May; (2) she reported numbness and imbalance to a doctor but during the same appointment she was examined and no pain, swelling, or weakness was found; (3) while one doctor

recommended an assistive device, another expressly stated that the plaintiff did not require such a device; (4) the plaintiff was volunteering and applying for jobs; and (5) in 2011, the plaintiff was reporting that she was more active, trying to become pregnant, and exercising. The magistrate judge further reported that despite these inconsistencies, the ALJ still gave the plaintiff a more limited RFC.

Additionally, as to Dr. Monderwicz, the non-treating physician, the magistrate judge found that the ALJ sufficiently considered her report and gave it little weight. The magistrate judge determined that the report was based on the plaintiff's alleged rheumatoid arthritis and lupus, which was not supported by the record, and the report did not quantifiably describe the functional limitations of the plaintiff (such as how many hours the plaintiff can sit or stand). Thus, the magistrate judge found that the ALJ's determination that the report should be given little weight was supported by substantial evidence.

Further, as to the treating rheumatologist, the magistrate judge found that the ALJ undertook the correct process and had substantial evidence to support the finding that his report should be given little weight. The magistrate judge notes that the ALJ went through a lengthy recitation of the medical evidence on the record, including the evidence provided by the treating physician. Additionally, the ALJ discussed the evidence that explicitly

8

contradicted the symptoms that the plaintiff had reported to the treating physician such as the fact that she denied joint pain, swelling, and weakness to her neurologist around the same time and also reported she was kickboxing in 2012. Finally, the magistrate judge found that the ALJ did not need to consider the specific facts in how the ALJ was applying the regulations to her assessment of the treating physician's report. The magistrate judge reasoned that because all that is required by the regulations is that the ALJ provide an explanation for the weight she assigns to a medical opinion, the ALJ sufficiently did so and thus her accordance of little weight to the treating physician's report was not in error.

Finally, the magistrate judge found that the plaintiff's argument that the ALJ should not have considered her telemarketing job as prior work she could still perform was without merit. The magistrate judge found that because the ALJ had found, in the alternative, that there were jobs in the national economy that existed that the plaintiff could perform, the ALJ's determination that she could still perform telemarketing was harmless if it was in error.

The plaintiff did not file objections to the magistrate judge's report and recommendation.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that

the Commissioner's decision denying the plaintiff's application for Disability Insurance Benefits and Supplemental Security Income is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. The decision of the Commissioner is hereby AFFIRMED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

IT IS SO ORDERED.

DATED:   March 18, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE